GARRETSON v. FERRALL *et al.*

Execution: INDEMNIFYING BOND TO MORTGAGEE: ASSIGNMENT WITHOUT ASSIGNMENT OF MORTGAGE DEBT. Where mortgage chattels are levied upon and sold after an indemnifying bond has been given to the mortgagee, and the mortgagee assigns his claim for damages under the bond, such assignment does not, without an assignment also of the mortgage debt, confer upon the assignee a right of action for damages under the bond. [BECK and ROTHROCK, JJ., *dissenting.*]

*Appeal from Mahaska District Court.*—HON. W. R. LEWIS, Judge.

FILED, JUNE 6, 1889.

W. C. GARRETSON executed a chattel mortgage on a stock of jewelry to O. S. Garretson. Subsequently the defendants Ferrall & Hawkins Bros. obtained a

judgment against W. C. Garretson, and levied an exe-
cution issued thereon on the stock of jewelry then in
the hands of C. L. Garretson. Notice was given the
sheriff of O. S. Garretson's claim, and thereupon the
defendants Ferrall & Hawkins Bros. gave the sheriff an
indemnifying bond for eight hundred dollars for the
benefit of O. S. Garretson, or other claimants, signed
by defendant George H. Baugh, whereupon the sheriff
sold the goods, and the amount realized was applied on
the judgment of Ferrall & Hawkins Bros. O. S.
Garretson assigned his claim under this bond for
damages to the plaintiff C. L. Garretson who brings
this suit. The defendants answered, alleging, among
other things, that "no part of the claimed debt
of C. W. and L. P. Garretson owing to O. S. Garretson
was ever assigned to the plaintiff; and no credit given
by O. S. Garretson on the debt of L. P. and C. W.
Garretson in consideration of the assignment to plain-
tiff; and that, no part of the debt being assigned, the
assignment of the mortgage, and of the claims for
damages raised out of the claim of trespass upon the
mortgaged property, are void." To this part of the
answer the plaintiff demurred on the ground "that the
facts stated did not constitute a defense, in this: That
it is not necessary to the validity of an assignment of
the claim for the conversion of the notes or mortgaged
property that the notes or mortgages should be
assigned," which demurrer was overruled, and plaintiff
excepted. The case was submitted to a jury, and on the
conclusion of the plaintiff's evidence the defendants
moved the court to instruct the jury to return a verdict
for the defendants, which motion was sustained, and a
verdict for the defendants returned, to which the plain-
tiff excepted. The grounds for this motion were :
*First.* There was no sufficient evidence as to the alleged
bond and its conditions, and the breach thereof.
*Second.* That there was no sufficient evidence of the
alleged notice to the sheriff. *Third.* That there was
no evidence of the assignment of any interest in said
note and mortgage to the plaintiff. *Fourth.* That the

evidence showed that no interest in said note and mortgage was assigned to the plaintiff. *Fifth.* That, on the facts as shown, the defendants were entitled to a verdict in their favor.

*W. S. Clark*, for plaintiff.

*Bolton & McCoy*, for defendants.

GIVEN, C. J.—There is a controversy between counsel as to the correctness of the abstracts, but enough appears without question to show that the controlling point of difference is whether the plaintiff could maintain this action without an assignment to him of an interest in the note and mortgage of W. C. to O. S. Garretson. Whether the plaintiff waived his exception to the ruling on the demurrer by going to trial is immaterial for the presentation of this question, as it is evident from the testimony that the court sustained the motion ordering a verdict for defendants upon the third and fourth grounds assigned for the motion. There was evidence as to the existence of the bond and its conditions, and of notice to the sheriff, upon which the court would unquestionably have submitted the case to the jury. It has been so frequently held by this court as not to require citation that the mortgage is a mere incident to the debt; that the assignment of the debt carries the mortgage with it; and that the assignment of the mortgage without an assignment of the debt is a nullity. Counsel for appellant are understood as resting their position upon the claim that, when O. S. Garretson sold the claim in suit to C. L. Garretson, the mortgage debt became thereby extinguished and paid to the value of the claim, whether O. S. Garretson obtained full value or not; that it is a mere matter of accounting between W. C. Garretson, mortgagor, and O. S. Garretson, mortgagee; and, if the claim sold is sufficient to pay the debt, there was no debt or mortgage to assign; and, if not fully paid thereby, the mortgagee is the one to hold the balance of the debt and mortgage.

This position is not tenable. Had O. S. Garretson, the mortgagee, brought this suit, he would recover because he had the mortgage debt and its securities, and not because some other or different debt had accrued in his favor. The giving of the bond and taking the goods substituted the bond as the security instead of the goods, and the remedy for the mortgage debt and its security may be upon the bond. If, by assignment without the debt to C. L. Garretson, he would not have acquired any right of action as to the goods, he certainly acquires none upon the bond without the assignment of the debt. There was no error in the action of the court in overruling the demurrer, nor in ordering a verdict for the defendants. AFFIRMED.

BECK, J. (*dissenting*).—I. I cannot assent to the foregoing opinion, believing that it is based upon a misapprehension of the law applicable to the facts of the case, which, briefly stated, are these : Defendants executed an indemnifying bond to the sheriff, to protect him against liability by reason of a levy of an execution he was required to make upon goods claimed by a mortgagee under a chattel mortgage. The execution was against the mortgagor and in favor of Ferrall & Hawkins Bros., who are defendants in this case. The mortgagee assigned his claim under the bond for damages to the plaintiff, who prosecutes this suit on the bond.

II. What did the mortgagee assign to the plaintiff? His claim under the bond for damages. What was that claim? A chose in action arising on the bond by reason of the facts that the mortgagee held a special property, under the mortgage, in the goods, and the right to the possession thereof as the holder of such special property. He could maintain a suit for the deprivation of that property, and right of possession. His damages recoverable in such action would be the value of his interest in the goods. That interest, of course, would depend upon the existence of the debt secured by the mortgage.

III. The mortgagee's claim upon the bond as a chose in action was, under the laws of this state, assignable, and an action was maintainable thereon by the

assignee. But, in order to assign his claim for damages, the mortgagee was not required to assign also the debt or mortgage, or both. These were only evidence of the right to recover damages,—the muniments, as it were, of his title thereto. They constitute no part of the damages,—the thing assigned by the mortgagee, and sought in this suit to be recovered by plaintiff.

IV. When the mortgagee comes to enforce his debt and the mortgage, it may be pleaded that the debt is paid to the extent of the recovery had by him on the bond, which was for the property mortgaged. The bond stands in the place of the property, and the mortgagee's rights are affected by recovery on the bond, just as they would have been had he taken the property and sold it under the mortgage.

V. The position of the foregoing opinion—to the effect that the assignment of the claim for damages cannot be supported unless it be shown that the debt and mortgage are also assigned to the assignee of the claim for damages—is shown to be plainly unsound by these considerations: If the value of the property levied upon is less than the debt, the mortgagee, under the doctrine of the foregoing opinion, will lose his debt to the extent to which it exceeds the value of the property. The measure of recovery on the bond is the value of the property not exceeding the mortgage debt. Now, if the mortgagee must assign the debt, if it be for one thousand dollars, in order to be enabled to assign the claim for damages, which may be for but one hundred dollars, an evident absurdity exists which, it will be readily seen, would work gross injustice. Indeed, it seems to me that the doctrine of the foregoing opinion is not only unsupported by legal principle, but that its recognition would lead to injustice whenever an attempt should be made to apply it to actual transactions.

VI. In my judgment there are more than one general statement of legal doctrines as to the effect of the assignment of a mortgage without the assignment of the debt, and the remedy for the mortgage debt after the indemnifying bond was given, found in the majority

opinion, which are not correct. But I am not called on to point out the errors, as; in my opinion, these doctrines do not support the conclusion reached by the majority of the court in this case. In my judgment, the effect of an assignment of a mortgage without the assignment of the debt, and the remedy to be pursued after the execution of the indemnifying bond, and other matters stated in the argument of the opinion, have nothing to do with the question in hand, which is this: Can a mortgagee, when the mortgaged goods have been taken by a sheriff on an execution, against the mortgagor, assign his claim for damages against the makers of an indemnifying bond, given to the sheriff, without making an assignment of the mortgage debt? The question involves the validity of the assignment, and the right to enforce it by the assignee, and nothing else. The effect of an assignment of a mortgage without the assignment of the debt, and remedies to be pursued by the mortgagee for the collection of his debt, have nothing to do with the case; and this consideration does not serve to guide to its correct determination. In my opinion, the judgment of the district court ought to be reversed.

ROTHROCK, J., concurs in this dissent.